# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. MARTINEZ, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO. 1:08-cv-01812-AWI-GBC PC<br><br>FINDINGS AND RECOMMENDATIONS TO RECOMMENDING GRANT DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS PURSUANT TO 28 U.S.C. § 1915(g) AND REQUIRING PLAINTIFF TO PAY FILING FEE IN FULL WITHIN THIRTY DAYS OR ACTION WILL BE DISMISSED<br>(Doc. 24)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING  VACATING ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND VACATING ORDER DIRECTING CDCR TO COLLECT FILING FEE FROM PLAINTIFF'S TRUST ACCOUNT<br>(Doc. 6) |

　　　Plaintiff Bryan E. Ransom ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On August 9, 2010, Defendants filed request for judicial notice and a motion to revoke Plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g).  (Docs. 23, 24).  On August 20, 2010, Plaintiff filed a request for judicial notice and an opposition to Defendants' motion to revoke in forma pauperis status.  (Docs. 28, 29).  On August 27, 2010, Defendants filed a reply (Doc. 31).

　　　Upon review of Plaintiff's litigation history and the motion, opposition and reply submitted

1

to the Court, the Court now recommends for Plaintiff to be precluded from proceeding in forma pauperis in this action. See 28 U.S.C. §1915(g). 28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A review of the record of actions filed by Plaintiff in the United States District Court reveals that Plaintiff filed three or more actions that were dismissed for failing to state a claim upon which relief may be granted.[1] Additionally, the Court grants Defendant's request and takes judicial notice of the Order Granting Defendants' Motion to Revoke In Forma Pauperis Status in Ransom v. Westphal, et al., 1:08-cv-01327-DMS-AJB (E.D. Cal. April 4, 2010), where the same arguments were raised as to whether Plaintiff's previously litigated cases counted as strikes under 28 U.S.C. § 1915(g).

Plaintiff challenges Ransom v. Doe, et al., Civil Case No. 96cv8204 and Ransom v. Williams, et al., Civil Case No. 96cv8203 which were dismissed under Heck v. Humphrey, 512 U.S. 477 (1994) for not stating a cognizable claim under section 1983 since claims necessarily challenged Plaintiff's state conviction. Plaintiff urges this court to consider dismissals applying Heck to not count as strikes and to consider such dismissals to be for lack of jurisdiction.

The Ninth Circuit has not addressed this matter. Andrews v. Cervantes, 493 f.3d 1047, 1052 n.2. However, the Court finds that a dismissal pursuant to Heck counts as a strike under 28 U.S.C. § 1915(g). As observed in Ransom v. Westphal, "[t]he Supreme Court in *Heck* stated its ruling was based on a denial of 'the existence of a cause of action.'" Ransom v. Westphal, et al., 1:08-cv-01327-DMS-AJB (E.D. Cal. April 4, 2010) (quoting Heck, 512 U.S. at 489). Additionally, several other courts have held that dismissals under Heck count as strikes under 28 U.S.C. §

---

[1] Among the dismissals that count as strikes for Plaintiff under 1915(g) are: Ransom v. Doe, et al., 2:96-cv-08204-RSWL-CT-PC (dismissed for failure to state a claim on 12/04/96); Ransom v. Williams, et al., 2:96-cv-08203-MRP-CT-PC (dismissed for failure to state a claim on 12/06/96); Ransom v. Sandoval, et al., 3:01-cv-00513-JM-JAH-PC (dismissed for failure to state a claim on 01/10/02). The Court also notes that Plaintiff's request for in forma pauperis status was twice declined by the Ninth Circuit in Ransom v. Corona, et al., No. 04-55056 (May 27, 2004) and in Ransom v. Westphal, et al., No. 08-15376 (August 27, 2008).

2

1915(g). See e.g., Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in Heck is legally frivolous."); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) ("[I]n light of Heck, the complaint was properly dismissed for failure to state a claim.").

Thus, the Court finds that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis. Additionally, this Court has reviewed Plaintiff's complaint and finds that Plaintiff has not alleged any facts to support a finding that he is, under imminent danger of serious physical injury. Accordingly, the Court recommends that Plaintiff may not proceed in forma pauperis, that Defendants' motion to revoke Plaintiff's in forma pauperis status be **GRANTED** and that Plaintiff must submit the appropriate filing fee in order to proceed with this action. The Court further recommends that its January 7, 2009 order granting leave for Plaintiff to proceed in forma pauperis and its order directing the CDCR to make payment of the filing fee be **VACATED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

As set forth herein, the Court HEREBY RECOMMENDS:

1. To GRANT Defendants' motion to revoke Plaintiff in forma pauperis status and to REVOKE Plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g);

2. The Court's order directing the Director of the California Department of Corrections and Rehabilitation or his designee to deduct the $350.00 filing fee from Plaintiff's trust account whenever the balance exceeds $10.00 to be VACATED[2];

3. To require Plaintiff to pay the $350.00 filing fee in full within thirty (30) days or this action will be dismissed, without prejudice; and

---

[2] To date, no funds have been sent to the Court for the filing fee in this action.

3

4. The Clerk of the Court to serve a copy of this order on (1) the Financial Department, U.S. District Court, Eastern District of California, Fresno Division and (2) the Director of the California Department of Corrections and Rehabilitation via the court's electronic case filing system (CM/ECF).

IT IS SO ORDERED.

Dated:    December 3, 2010

UNITED STATES MAGISTRATE JUDGE