1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM, | CASE NO. 1:08-cv-01812-AWI-GBC (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF (Doc. 49) |
| v. | |
| J. MARTINEZ, et al., | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 52) |
| Defendants. | |
| | PLAINTIFF TO PAY FILING FEE IN FULL WITHIN THIRTY DAYS |

I.    **Plaintiff's Motion for Reconsideration**

A.    Procedural History

Plaintiff Bryan E. Ransom, ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis ("IFP") in this civil rights action seeking relief under 42 U.S.C. § 1983. On August 9, 2010, Defendants submitted a motion to revoke Plaintiff's IFP status pursuant to 28 U.S.C. § 1915(g). (Doc. 24). On December 6, 2010, the Court submitted Findings and Recommendations in which the Court recommended that Plaintiff's IFP status be revoked pursuant to 28 U.S.C. § 1915(g) and directed Plaintiff to pay filing fee or else action would be dismissed. (Doc. 41). On December 15, 2010, Plaintiff appealed, on February 11, 2011, the District Court adopted the Magistrate Court's Findings and Recommendations and on February 22, 2011, United States Court of Appeals for the Ninth Circuit processed the appeal. (Docs. 44, 45, 47). On March 7, 2011, Plaintiff filed a motion for emergency injunction and a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Docs. 49, 52). On April 20, 2011, the Ninth Circuit dismissed Plaintiff's

1

1   appeal.  (Doc. 53).   The court now addresses the pending motions.

2       B.      Preliminary Injunction

3       "A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v.*

4   *Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 376 (2008) (citation omitted).  "A plaintiff

5   seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is

6   likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips

7   in his favor, and that an injunction is in the public interest."  *Id.* at 374 (citations omitted).  An

8   injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  *Id.* at 376

9   (citation omitted) (emphasis added).  Federal courts are courts of limited jurisdiction and in

10  considering a request for preliminary injunctive relief, the Court is bound by the requirement that

11  as a preliminary matter, it have before it an actual case or controversy.  *City of Los Angeles v. Lyons*,

12  461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and

13  State, Inc.*, 454 U.S. 464, 471 (1982).  Furthermore,  the Court must have personal jurisdiction over

14  the parties in order to issue an injunction against any individual and the Court may not enjoin

15  individuals who are not yet served or before the court.  *Zepeda v. United States I.N.S.*, 753 F.2d 719,

16  727 (9th Cir. 1983).

17      As this case involves claims arising under the First, Fourteenth and RLUIPA, the Court does

18  not have jurisdiction over Plaintiff's emergency injunctive request to be prevented from being

19  released into the general population yard.  Therefore, Plaintiff's motion for emergency injunctive

20  relief is DENIED.

21      C.      Reconsideration

22      Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

23  district court.  The Rule permits a district court to relieve a party from a final order or judgment on

24  grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse

25  party, . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ.

26  P. 60(b).  The motion for reconsideration must be made within a reasonable time, in any event "not

27  more than one year after the judgment, order, or proceeding was entered or taken."  *Id.*

28      Motions to reconsider are committed to the discretion of the trial court.  *Combs v. Nick Garin*

1   *Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983)

2   (*en banc*).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce

3   the court to reverse its prior decision.  *See e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634

4   F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514

5   (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988).  The Ninth Circuit has stated that "[c]lause

6   60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" *Corex Corp. v.*

7   *United States*, 638 F.2d 119 (9th Cir. 1981); *accord  LaFarge Conseils et Etudes, S.A. v. Kaiser*

8   *Cement*, 791 F.2d 1334, 1338 (9th Cir. 1986).   Accordingly, "the clause is reserved for

9   'extraordinary circumstances.'" *Id*.  When filing a motion for reconsideration, Local Rule 230(j)(3)

10  & (4) requires a party to show the "new or different facts or circumstances are claimed to exist which

11  did not exist for the motion; and . . . why the facts or circumstances were not shown at the time of

12  the prior motion."

13          In his motion for reconsideration, Plaintiff argues that he has demonstrated through his

14  request for emergency injunctive relief and argues that the Court erred in denying Plaintiff's motion

15  to amend his complaint to add an imminent danger claim and erred in striking his amended

16  opposition and surreply which added an imminent danger claim.  (Doc. 52).  As discussed above,

17  the Court lacks the jurisdiction over Plaintiff's additional claim in his request for emergency

18  injunctive relief.  Moreover, Plaintiff fails both to show new or different facts or circumstances

19  which did not exist at the time the Court granted Defendants' motion to revoke IFP.  Plaintiff also

20  fails to present any arguments and/or authority to show that the Court erred in denying his motion

21  to amend his opposition and erred in striking Plaintiff's surreply which added an imminent danger

22  claim.  Plaintiff's presented no imminent danger claim in his original complaint which argues that

23  Plaintiff is being denied bodily privacy by being forced to undergo strip searches in front of women

24  staff, "notorious homosexuals, voyors [sic] and masterbaters." (Doc. 1 at ¶¶ 12, 21).  The complaint

25  only mentions a threat of using pepper spray to obtain compliance with the strip search and never

26  mentioned the use of pepper spray.  (Doc. 1 at ¶¶ 27-33).  Plaintiff simply fails to present any basis

27  to justify reconsideration of this Court's order granting revocation of Plaintiff's IFP status.

28          In Plaintiff's motion for reconsideration, he attaches an amended complaint which adds an

imminent danger claim, however, Plaintiff failed to seek leave of the court to amend.  Fed. R. Civ. P. 15(a)(2).  Even if the Court were to allow Plaintiff to amend his opposition to add an imminent danger claim, Plaintiff's imminent danger claim still fails.  In Plaintiff's proposed amended opposition (Doc. 33), Plaintiff's argues that he is in imminent danger of being pepper sprayed if he does not comply with the strip searches in the future.  "Frequent filers sometimes allege that they are in imminent danger so they can avoid paying a filing fee."  *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003).  Threat of being pepper sprayed for failure to comply with a strip search does not amount to imminent danger.  *See Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3rd Cir.2001) (finding that being sprayed with pepper spray once does not constitute imminent danger).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds its order adopting the Findings and Recommendations to grant revocation of Plaintiff's IFP status is supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion for injunctive relief, filed March 7, 2011, is DENIED;

2.      Plaintiff's motion for reconsideration, filed March 7, 2011, is DENIED; and

3.      Plaintiff is required to pay the $350.00 filing fee in full within thirty (30) days or this action will be dismissed, without prejudice.

IT IS SO ORDERED.

Dated:    September 29, 2011                    _____
                                               CHIEF UNITED STATES DISTRICT JUDGE